RECEIVED
IN ALEXANDRIA, LA
APR 21 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **THADDEUS M. BATISTE** | **CIVIL ACTION NO. 06-0089** |
| **VS.** | **SECTION P** |
| **EDDIE JORDAN, ORLEANS PARISH DISTRICT ATTORNEY** | **JUDGE LITTLE** |
| | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on or about January 3, 2006 by *pro se* petitioner Thaddeus M. Batiste. Petitioner is a pre-trial detainee in the custody of the Orleans Parish Criminal Sheriff. He is presently detained at the Orleans Parish Prison, New Orleans, where he is awaiting trial on unspecified charges. When he filed his petition in the United States District Court for the Eastern District of Louisiana, he was incarcerated at the Winn Corrections Center, Winnfield, Louisiana; consequently, his petition was transferred to this court. On or about February 24, 2006 he was returned to the Orleans Parish Prison. [see doc. 7]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED** because petitioner has not exhausted all available state court remedies.

**STATEMENT OF THE CASE**

In August, 2005, petitioner was a pre-trial detainee in the Orleans Parish Prison awaiting trial on unspecified charges. As a result of Hurricane Katrina and its aftermath, petitioner was transferred from Orleans Parish Prison to Winn Corrections Center.

Petitioner claims "...that this continued prolonged and protracted confinement is in direct violation of several constitutional rights ..." He claims that he has been denied due process and equal protection. He suggests that "...due to state courts' inability and/or reluctance to entertain remedies, or attempts thereto, federal jurisdiction attaches due to violations stressed under the U.S. Const., and Amend. 14, ..." [doc. 1-1, p. 3] Petitioner claims that "... state courts' disrespect of criminal code prescriptive periods, etc., this court (Federal venue) is the only meaningful and viable remedy available to..." him.

Finally, he claims, "... that the executive order of Gov. Kathleen Blanco extending the Orleans Parish District Attorneys Office of the prescriptive periods for institution of prosecution and related court proceedings, made the state courts' remedies and methods of due process, null and void, which requires federal intervention, especially due to the fact that enumerated prescriptive periods and statute of limitations had expired, and

continue to negatively affect those so incarcerated..." [doc. 1-1, p. 4]

## LAW AND ANALYSIS

Petitioner is a pre-trial detainee who is challenging his present detention. Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) citing Ojo v. INS, 106 F.3d 680, 681 (5th Cir.1997), Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and Robinson v. Wade, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed by a convict pursuant to 28 U.S.C. §2254 is well established. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). A state convict seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose, 455 U.S. 509; Minor, 697 F.2d 697. The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory

process." Dickerson, 816 F.2d at 225; Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997). This jurisprudential requirement is now also statutorily mandated. See 28 U.S.C. §2254(b)(1)(A).

In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 277 (1982); Picard, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. Dickerson, 816 F.2d at 224-225; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Federal courts should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. Dickerson, 816 F.2d at 225, citing Braden, 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are

imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden, 410 U.S. at 493, 93 S.Ct. at 1129; Dickerson, 816 F.2d at 225-226.

The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring him promptly to trial. Dickerson, 816 F.2d at 225. In Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met. Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner's claims and prayer for relief suggest that he seeks enforcement of the state's obligation to bring him promptly to trial; yet, it also appears that he seeks his immediate release and the dismissal of pending charges. In either case, exhaustion of state remedies must occur before this court may intervene.

The undersigned notes that Louisiana provides a remedy to pre-trial detainees who wish to contest the legality of their

custody. See La. C.Cr.P. arts. 351 *et seq.* Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. See La. C.Cr.P. art. 701. Further, through the Motion to Quash, Louisiana criminal defendants may raise the issue of the timeliness of their prosecution. See La. C.Cr.P. arts. 531 *et seq.*, and, arts. 571 *et seq.* Before he may seek federal *habeas* relief, petitioner must first avail himself of these or any other available remedies provided by the state. Petitioner claims that the remedies afforded by Louisiana are ineffective. However, his conclusory assertion is no substitute for a *bona fide* attempt to exhaust of state remedies.

In order to satisfy the exhaustion requirement, the petitioner must have provided <u>all</u> state courts that could review the matter with a fair opportunity to review his *habeas corpus* claims before a federal court will review those claims. Petitioner has not invoked the jurisdiction of any Louisiana courts. Furthermore, a review of the published jurisprudence reveals that petitioner has not had his present claims reviewed by the Louisiana Supreme Court. In short, these *habeas corpus* claims remain unexhausted.

Therefore,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT**

**PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Alexandria, Louisiana this 17th day of April, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE